UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE PRESTON, et. al.,

    Petitioners,

v.

WAYNE COUNTY
PROSECUTOR'S OFFICE, et. al.,

    Respondents.

Case No. 25-cv-12447

Honorable Robert J. White

**OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

## I. Introduction

Petitioners George Thomas Preston and Kathryn Lynn Preston, residing in Avoca, Michigan, have filed a petition for a writ of habeas corpus pursuant to § 2254 on behalf of prisoner Derrick Lee Cardello-Smith, in which they challenge his 1998 conviction out of the Wayne County Circuit Court for two counts of third-degree criminal conduct (and perhaps his other convictions). (ECF No. 1). For the reasons that follow, the petition is summarily dismissed.

## II. Background

Cardello-Smith is serving multiple sentences imposed in separate criminal cases in the Wayne County Circuit Court. The Michigan Department of Corrections'

1

Offender Tracking Information System (OTIS), of which this Court is permitted to take judicial notice, *see Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004), indicates that Cardello-Smith was convicted of two counts of third-degree criminal conduct in the Wayne County Circuit Court in 1998. He was later convicted in the Wayne County Circuit Court in 2008 of six counts of first-degree criminal sexual conduct and two counts of kidnapping. In 2019, Cardello-Smith was convicted of four counts of first-degree criminal sexual conduct.[1]

Cardello-Smith has been denied habeas relief on his 1998 convictions on the merits. *Smith v. White*, No. 06-306, 2007 U.S. Dist. LEXIS 103072 (W.D. Mich. Aug. 28, 2007) (adopting Report and Recommendation of Magistrate Judge). Cardello-Smith was subsequently denied permission by the United States Court of Appeals for the Sixth Circuit to file a second habeas petition to challenge the 1998 convictions. *In Re Smith,* No. 13-2477, 2014 U.S. App. LEXIS 14470 (6th Cir. Jun. 6, 2014).

Cardello-Smith was likewise denied habeas relief on the 2008 convictions on the merits. *Smith v. Bauman*, No. 10-11052, 2016 U.S. Dist. LEXIS 29789 (E.D. Mich. Mar. 9, 2016), *reconsideration denied* 2016 U.S. Dist. LEXIS 120285 (E.D. Mich. Sept. 7, 2016), *appeal dismissed sub nom In re Smith*, No. 16-1545, 2017 WL

---

[1] *See* MDOC OTIS Page, Derrick Lee Smith (Cardello-Smith) <https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=267009> (accessed Aug. 21, 2025).

5135543 (6th Cir. Jan. 31, 2017). Cardello-Smith has since been denied permission multiple times by the Sixth Circuit to file a successive petition to challenge these convictions. *See In Re Smith*, No. 24-1796, 2025 U.S. App. LEXIS 2828 (6th Cir. Feb. 6, 2025); *In Re Smith*, No. 23-1375, 2023 U.S. App. LEXIS 21691 (6th Cir. Aug. 17, 2023); *In re Smith*, No. 19-1719, 2019 U.S. App. LEXIS 33451 (6th Cir. Nov. 7, 2019).

Cardello-Smith was also denied habeas relief on the merits on his 2019 convictions. *Smith v. Burt,* No. 19-759, 2020 WL 1910025 (W.D. Mich. Apr. 20, 2020), *appeal dismissed* No. 20-1457, 2020 WL 6738108 (6th Cir. Oct. 16, 2020). He has since been denied permission by the Sixth Circuit to file a successive petition with respect to his 2019 convictions. *In Re Smith,* No. 21-2971, 2022 U.S. App. LEXIS 5535 (6th Cir. Mar. 2, 2022).

Cardello-Smith also has an extensive history of filing frivolous civil rights lawsuits. He "has had at least seven civil rights complaints dismissed for being frivolous or malicious or for failing to state a claim." *Cardello-Smith v. Combs*, No. 24-12647, 2025 WL 269167, at *6 (E.D. Mich. Jan. 22, 2025) (quoting *Cardello-Smith v. Combs*, No. 24-12737, 2024 WL 4819571, at *1 (E.D. Mich. Nov. 18, 2024) (collecting cases)). At least one court has found that Cardello-Smith "appears to have fabricated evidence." *Id*. (quoting *Smith v. Burk*, 19-1018, 2022 WL 4395911, at *2 (W.D. Mich. Sep. 22, 2022)). Cardello-Smith's "litigation record includes

3

many cases that courts have deemed meritless or duplicative." *Id.* (collecting cases); *Cardello-Smith v. Combs*, 2025 WL 269167 at *7 ("Plaintiff has docketed numerous filings in a period of several months. Some filings are duplicative. Some of them appear to be fabricated or forged.")

Because of this extensive history of vexatious and frivolous litigation, Judge Judith E. Levy enjoined Cardello-Smith from filing any additional cases in this district without leave of court. Judge Levy found that Cardello-Smith in the case before her had docketed false affidavits from the victims of his crimes, as well as forged documents. *Cardello-Smith v. Combs*, No. 24-12647, 2025 WL 1951722, at *10 (E.D. Mich. June 30, 2025). Judge Levy issued the following order:

> First, Plaintiff Derrick Lee Cardello-Smith is ENJOINED from filing any new lawsuits or other documents in the Eastern District of Michigan without first seeking and obtaining leave of court. Specifically, he must receive written permission from the Chief Judge or the Miscellaneous Duty Judge by following the requirements below:
>
> 1. If Cardello-Smith wishes to file any document in the U.S. District Court for the Eastern District of Michigan, including a complaint, he must file a "Motion Pursuant to Court Order Seeking Leave to File."
>
> 2. With the above Motion Pursuant to Court Order Seeking Leave to File, Cardello-Smith must attach the following as exhibits:
>
>    a. A copy of the document he proposes to file;
>
>    b. A copy of this Order;
>
>    c. A written declaration which he has prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit, certifying that (1) the document raises

> a new issue which has never been previously raised by him in this or any other court, (2) the claim or issue is not frivolous, and (3) the proposed filing is not being filed in bad faith;
>
> d. A document containing a list showing (1) the complete caption of every suit that has been previously filed by him or on his behalf in any court against each defendant in any new suit he wishes to file and (2) the complete caption of every suit which he has currently pending;
>
> e. A complete set of copies of each Complaint identified and listed in the document required by subparagraph (d) above, along with a record of its disposition.
>
> The Court may deny any Motion for leave to file if it does not comply with the above requirements or if the proposed filing is duplicative, frivolous, vexatious, or harassing. If the Motion is denied, the proposed filing shall not be accepted for filing. Cardello-Smith's failure in any way to comply fully with the terms of this Order shall be sufficient grounds to deny any Motion for leave to file.
>
> Further, to prevent future harassment and waste of the Court's limited resources, the Clerk's office is ORDERED as follows:
>
> 1. Any document submitted by Cardello-Smith shall not be accepted for filing unless it is a "Motion Pursuant to Court Order Seeking Leave to File" and unless it contains the exhibits described above.
>
> 2. The Clerk's Office shall not accept any filing fees, cover sheets, in forma pauperis applications, or any other documents, in connection with any "Motion Pursuant to Court Order Seeking Leave to File," which Cardello-Smith files, unless and until leave has been granted.

*Id.* at *11-12.

George and Kathryn Preston have now filed a petition for a writ of habeas corpus on behalf of Cardello-Smith. Within the petition, the Prestons repeat a common allegation made by Cardello-Smith in several of his prior habeas petitions

and civil rights lawsuits: that numerous parties, including the current Wayne County Prosecutor, entertainer Sean Combs, several Detroit police officers and other law enforcement personnel have conspired to fabricate various criminal charges against him because he refused to relinquish his financial interest in Combs' Bad Boy Records. The petition alleges that Cardello-Smith was wrongfully convicted of various criminal charges in retaliation for his refusal to give up this interest. The petition further claims some of the parties conspired to hire a "hit man" to murder Cardello-Smith. (ECF No. 1, PageID.1-4).

According to the Prestons, they were in court on May 1, 1998, and at the time threatened by the trial judge to remain silent and not tell anyone that Cardello-Smith was being framed for various crimes. An affidavit claims that the Prestons have continued to be threatened until recently to remain silent and not inform anyone that Cardello-Smith was wrongly convicted. (*See* ECF No. 1, PageID.3-6). Attached to the petition is a purported transcript from May 1, 1998, in which the judge threatens the Prestons to remain quiet and not reveal the conspiracy to coerce Cardello-Smith into pleading guilty. (ECF No. 1, PageID.10-18).

III. Discussion

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner

is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. Rule 4; *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district courts have the duty to "screen out" petitions that lack merit on their face). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir.1999). No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *See Allen*, 424 F.2d at 141.

Here, the petition for writ of habeas corpus must be dismissed for two reasons.

First, the Prestons lacks standing to file a habeas petition on behalf of Cardello-Smith because they fail to demonstrate that it is necessary for them to represent Cardello-Smith in federal court.[2] An application for a writ of habeas

---

[2] This is assuming, of course, that it is the Prestons who have actually filed this petition and its supporting documents. Judge Levy's prior opinion noted Cardello-Smith's long history of filing forged documents and false affidavits in support of his claims. Buttressing this Court's suspicions as to the true identity of the petitioners and their purported evidence is the fact that although the Prestons here claim to be husband and wife, Cardello-Smith in a prior case attached an e-mail he sent to Kathy

corpus may be filed by one person on behalf of another. 28 U.S.C. § 2242 ("Application for writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."). However, "next friend" status will not be granted automatically. *See Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). Two "firmly rooted prerequisites" must be satisfied before "next friend" status will be conferred. *Id.* First, "a 'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action." *Id.* Secondly, "the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Id.* Restrictions have been imposed upon whom may act as a "next friend" because "[i]t was not intended that the writ of habeas corpus should be availed of, as matter of course, by intruders or uninvited meddlers, styling themselves next friends." *Id.* at 164. Where a habeas petitioner seeks to proceed as the next friend of a state inmate, the burden is upon the petitioner to establish the propriety of his status to justify the court's jurisdiction. *See Franklin v. Francis*, 144 F.3d 429, 432 (6th Cir. 1998).

    The Prestons are not entitled to maintain a "next friend" action on behalf of Cardello-Smith because they failed to allege or present evidence that Cardello-Smith

---

Preston, in which he refers to her as his wife. (*See* Case No. 24-cv-12647, ECF No. 1, PageID.353).

is incompetent or incapable of bringing a habeas petition on his own behalf, nor have the Prestons presented evidence that they are truly dedicated to Cardello-Smith's interests. *See Tate v. U.S.,* 72 F. App'x 265, 267 (6th Cir. 2003).

Secondly, Cardello-Smith has been enjoined by Judge Levy from filing any additional habeas petitions or civil rights actions in this court unless he files a motion for leave to file a complaint with the Chief Judge or Miscellaneous Duty Judge, along with (1) a sworn affidavit or written declaration that the new action is not frivolous and (2) the other documentation listed above in Judge Levy's order.

Cardello-Smith, who is the real party in interest here, failed to obtain the permission required under Judge Levy's order to proceed with this case. And he cannot evade Judge Levy's prefiling requirements merely because the case is purportedly filed by others on his behalf. *See Banks v. NPR News Morning Edition*, 795 F. App'x 92, 92-94 (3rd Cir. 2020) (affirming dismissal and rejecting attempt of vexatious litigant to circumvent prefiling requirements). Cardello-Smith is enjoined from filing this petition for a writ of habeas corpus, and the petition is therefore dismissed. *See e.g. Edwards v. Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006) (collecting cases); *see also In re Holbrook*, No. 21-11487, 2021 WL 4053184, at \*2 (E.D. Mich. Aug. 5, 2021).

IV. Conclusion

The Court summarily dismisses the petition for a writ of habeas corpus with prejudice.

Before the petitioners may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). But when a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.*

For the reasons stated in this opinion, the Court denies a certificate of appealability because jurists of reason would not find debatable this Court's decision

that the Prestons lack standing to bring a habeas petition on Cardello-Smith's behalf. *See Carpenter v. King*, No. 24-1587, 2024 WL 5319080 (6th Cir. Dec. 5, 2024).

Accordingly, the Court SUMMARILY DISMISSES WITH PREJUDICE the petition for a writ of habeas corpus (ECF No. 1). A certificate of appealability and leave to appeal *in forma pauperis* are DENIED.

SO ORDERED.


Dated: August 28, 2025          s/Robert J. White
                                                         Robert J. White
                                                         United States District Judge